IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRUCTURAL GROUP, INC.,** : | **CIVIL ACTION NO. 1:07-CV-01793** |
|       **Plaintiff** : | |
| : | **(Judge Conner)** |
|       v. : | |
| : | |
| **LIBERTY MUTUAL INSURANCE** : | |
| **COMPANY,** : | |
|       **Defendants** : | |
| : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : | |
| : | |
| **LIBERTY MUTUAL INSURANCE** : | |
| **COMPANY,** : | |
|       **Third Party Plaintiff** : | |
| : | |
|       v. : | |
| : | |
| **LYONS CONSTRUCTION** : | |
| **SERVICES, INC.,** : | |
|       **Third Party Defendant** : | |

## ORDER

AND NOW, this 6th day of June, 2011, upon consideration of defendant Liberty Mutual Insurance Company's ("Liberty Insurance") motion to stay (Doc. 53), wherein Liberty Insurance seeks to stay all proceedings in the above-captioned case pending the resolution of a related proceeding before the Pennsylvania Board of Claims ("Pennsylvania proceeding"), and wherein Liberty Insurance claims that "the interests of justice, judicial economy and the risk of inconsistent judgements, all point to the need for a stay," (Doc. 55 at 22), and upon further consideration of plaintiff Structural Group, Inc.'s ("Structural") brief in opposition to the motion to stay (Doc. 56), wherein Structural argues that it is not proper for the court to stay

the instant case in anticipation of a decision in the Pennsylvania proceeding, and the court recognizing that it has authority to stay a proceeding,[1] but that the exercise of such authority "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it,"[2] and, following

---

[1] Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy . . .").

[2] Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236 (1976).  The Supreme Court further stated that abdication of a district court's jurisdiction can be justified only "in the exceptional circumstances where the order to repair to the state court would clearly serve an important countervailing interest."  Id.  The Colorado River Court defined abstention as declining to exercise or postponement of the exercise of jurisdiction.  Colorado River, 96 S. Ct. at 813.  The circumstances which warrant abstention pending a state court's decision are laid out by the Supreme Court: 1) if there is a "federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;" 2) if there are "difficult questions of state law bearing on policy problems of substantial public import;" 3) if "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings;" and 4) if there are other circumstances that warrant abstention in consideration of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Id. at 814-17 (internal quotations omitted).  The facts of the instant case do not fall under the first three exceptions, and after taking the Landis factors into consideration, see supra note 3, the court finds that the circumstances do not warrant an abstention.

consideration of the Landis factors,[3] the court finding that the interests of justice and judicial economy propounded by the pending motion do not satisfy the "extraordinary and narrow exception[s]" that the Supreme Court defined in Colorado River,[4] and the court concluding that the risk of inconsistent judgements is minimal,[5] it is hereby ORDERED that the motion (Doc. 53) to stay is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] In Landis, the Supreme Court outlined the following considerations for a court reviewing a motion to stay: (1) the length of the stay requested; (2) the "hardship or inequity" that the movant would face from a denial of the stay; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy. Landis, 299 U.S. at 254-55. The court finds that the length of stay is uncertain, as it depends upon the actions of a state board; the movant would face minimal hardship from the denial of the stay; the non-movant would be denied, for a second time, the opportunity to bring its claim—which is independent of the Pennsylvania proceeding—before the court; and a stay will not promote judicial economy in this proceeding, which has been stayed on a prior occasion.

[4] Supra note 2.

[5] "[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Colorado River, 424 U.S. at 816.