# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRUCTURAL GROUP, INC.,** : <br>       **Plaintiff** : <br> : <br> v. : <br> : <br> **LIBERTY MUTUAL INSURANCE** : <br> **COMPANY,** : <br>       **Defendants** : <br> : <br> ............................: <br> : <br> **LIBERTY MUTUAL INSURANCE** : <br> **COMPANY,** : <br>       **Third Party Plaintiff** : <br> : <br> v. : <br> : <br> **LYONS CONSTRUCTION** : <br> **SERVICES, INC.,** : <br>       **Third Party Defendant** : | **CIVIL ACTION NO. 1:07-CV-01793** <br><br> **(Judge Conner)** |

## ORDER

    AND NOW, this 16th day of June, 2011, upon consideration of the motion in limine (Doc. 76) filed by defendant Liberty Mutual Insurance Company ("Liberty"), wherein Liberty contends that the court should not permit plaintiff Structural Group, Inc. ("Structural") to present claims for the same damages in the instant case that it presented in a related proceeding before the Pennsylvania Board of Claims, on the following grounds: (1) the doctrine of judicial estoppel prevents Structural from advancing such claims, (2) Structural waived its rights to maintain such claims, and (3) Structural cannot recover mobilization and standby damages under a payment bond, because they constitute "delay" damages, which are not

recoverable under a payment bond in Pennsylvania, and the court remarking that a motion in limine is not a proper procedural device for Liberty to challenge the merits of Structural's damages claim, see Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d. Cir. 1990), and the court finding that the doctrine of judicial estoppel does not apply to Structural's claim in the instant case, and the court further finding that Structural has not waived its rights to maintain its claims for damages, and the court concluding that Liberty has failed to establish that Structural's claims for "mobilization and standby" damages are, in fact, claims for delay damages, it is hereby ORDERED that the motion in limine (Doc. 76) is DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge