# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRUCTURAL GROUP, INC.,** : | **CIVIL ACTION NO. 1:07-CV-01793** |
|     **Plaintiff** : | |
| : | **(Judge Conner)** |
|     v. : | |
| : | |
| **LIBERTY MUTUAL INSURANCE** : | |
| **COMPANY,** : | |
|     **Defendants** : | |
| : | |
| ................................: | |
| : | |
| **LIBERTY MUTUAL INSURANCE** : | |
| **COMPANY,** : | |
|     **Third Party Plaintiff** : | |
| : | |
|     v. : | |
| : | |
| **LYONS CONSTRUCTION** : | |
| **SERVICES, INC.,** : | |
|     **Third Party Defendant** : | |

## ORDER

AND NOW, this 5th day of July, 2011, upon consideration of the motion in limine (Doc. 60) filed by plaintiff Structural Group, Inc. ("Structural"), wherein Structural requests that the court exclude all evidence which is unrelated to its claims, on the basis that such evidence is irrelevant, see FED. R. EVID. 401, 402 (defining relevant evidence, and providing that relevant evidence is generally admissible, but that "[e]vidence which is not relevant is not admissible"), or that the probative value of such evidence is minimal and is substantially outweighed by the risk that confusion or delay would arise as a result of admitting the evidence, see FED. R. EVID. 403, and the court concluding that Structural's request is overly

broad,[1] but that certain portions of the evidence at issue should be excluded,[2] and

the court further concluding that it must consider other portions of the allegedly

---

[1] Structural requests that the court exclude broad categories of evidence, including, but not limited to, evidence relating to "Lyons' disputes with the SSHE, geotechnical issues, the SSHE's claims against Lyons, differing site conditions, the cause of the compaction grouting Change Order work, or the quality of Structural's performance on the Project." (Doc. 61 at 3). The court cannot conclude that *all* such evidence should be excluded. It does find, however, that confusion and undue delay may arise if the parties present cumulative evidence on these topics to the jury. The court will therefore exercise its discretion at trial on an as-needed basis pursuant to Rule 403.

[2] Defendant Liberty Mutual Insurance Company ("Liberty") contends that the evidence at issue is admissible. Liberty argues that, in its role as the surety for a payment and performance bond issued for Lyons Construction Services ("Lyons"), Liberty is entitled to assert the defenses of Lyons; hence, the jury will need to consider evidence pertaining to Lyons's obligation to pay Structural, including the evidence at issue in the pending motion. (Doc. 73 at 4-5). Liberty also asserts that the evidence is relevant to defenses that Liberty plans to assert on its own behalf, including recoupment, judicial estoppel, and an argument that Structural waived its claims. (Id. at 15-21).

The court agrees that the jury will need to examine Lyons's obligation to pay Structural. However, the court rejects Liberty's arguments concerning judicial estoppel, waiver by Structural, and recoupment. The court has already found that the doctrine of judicial estoppel does not apply, and that Structural has not waived its claims. (See Doc. 83). Turning to the issue of recoupment, the court finds that this issue should not be presented to the jury at this juncture.

Liberty's stated intention to raise a recoupment defense presents a number of potential issues, most notably, whether recoupment is applicable where, as here, Structural's alleged liability to Liberty has not been established. Liberty's claim against Structural is, at present, merely speculative; it will only arise in the event that the Board of Claims would find that Lyons and Liberty are liable to the University and that Structural caused the project's failure. The court declines to opine on Liberty's ability to assert recoupment under these circumstances, without the benefit of briefing from the parties. However, it is within the court's authority to order a separate trial for this issue, and the court concludes that this is an appropriate course of action in the instant case, in order to expedite and economize the jury's resolution of Structural's claim. See FED. R. CIV. P. 42(b). If the court later determines that Liberty is able to raise a recoupment defense, it will afford Liberty the opportunity to do so in a separate proceeding.

inadmissible evidence in the context of trial,[3] it is hereby ORDERED that Structural's motion in limine (Doc. 60) is GRANTED in part and DENIED in part as follows:

1. The motion (Doc. 60) is GRANTED with respect to evidence that pertains solely to the following defenses: recoupment, judicial estoppel, and Structural's alleged waiver of its claims.

2. In all other respects, the motion (Doc. 60) is DENIED, without prejudice to Structural's right to object to evidence that Structural believes is improperly offered at trial.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] The Third Circuit has held that "excluding evidence under [Rule] 403 at the pretrial stage is an extreme measure[,]" In re Diet Drugs Prods. Liab. Litig., 369 F.3d at 314 (quoting Hines v. Conrail, 926 F.2d 262, 274 (3d Cir. 1991)), and that "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id. (quoting In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990)).